## NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION NORTHEAST FLORIDA CHAPTER, etc. v CONSTRUCTION TRADES QUALIFYING BOARD, etc.

### Case No. 89-35-AP

Fourth Judicial Circuit, Duval County

March 8, 1990

### APPEARANCES OF COUNSEL

**John F. MacLennan, Esquire,** for appellants.

**Bruce Page, Esquire,** for appellees.

### OPINION OF THE COURT

AARON K. BOWDEN, Circuit Judge.

This is an appeal from the Construction Trades Qualifying Board (Board) of the City of Jacksonville, Florida. The Board was established by Chapter 62 of the Jacksonville Municipal Code. The Board has the authority, among other things, to decide questions of definition and

interpretation of the scope of work of the construction trades covered by Chapter 342 of the Jacksonville Municipal Code.

On March 23, 1989 the supervisor of mechanical inspectors for the City of Jacksonville issued a notice requiring that all control wiring on commercial jobs must be done by an electrical contractor with no exceptions. Thereafter the Jacksonville Air Conditioner Contractors initiated an appeal to the Board which sought to overrule the notice of the supervisor for the City. In due course a hearing was held at which all interested parties were given the opportunity to be heard, to cross-examine witnesses and to present arguments in support of their positions.

On April 28, 1989, the Board entered findings of fact and conclusions of law and did not sustain the notice from the supervisor of the city. The effect of the Board's action was to permit heating, air conditioning and refrigeration contractors to continue work on low-voltage control wiring connected with heating and air conditioning units, both residential and commercial.

The appellants take the position that the pertinent provisions of the Jacksonville Municipal Code are so clear and unambiguous that no reasonable person could differ as to the meaning thereof. In particular the appellants urge this court that § 342.110(b) of the Jacksonville Municipal Code provides that electrical contractors shall install, maintain, extend and alter systems of electrical wiring for light, heat or power, appurtenances thereto, and equipment used in connection therewith except for low-voltage control wiring which wiring or system constituted the original equipment installed by the manufacturer thereof. Accordingly, say the appellants, the Board was clearly erroneous in concluding that low-voltage control wiring work could be performed by heating, air conditioning and refrigeration contractors.

Appellees point out that this court's scope of review is limited to whether the Board provided procedural due process, observed the essential requirements of the law and supported its findings by substantial competent evidence. *Campbell v Vetter,* 375 SO.2d 4 (Fla. 4th DCA 1979). Appellees take the position that appellants are asking this court to reweigh the evidence and come to a different conclusion than that reached by the Board.

This court has jurisdiction of this appeal pursuant to Florida Statutes § 26.012(1). This court's authority in its appellate capacity is highly circumscribed when the appeal is from a final administrative order of a local government code enforcement board. *Palm Beach Junior College v United Faculty of Palm Beach Junior College,* 425

**105**

So.2d 132 (Fla. 1st DCA 1982). This court should afford substantial deference to the Board's action and should not overrule the Board except for "the most cogent reasons or unless clearly erroneous, unreasonable, or in conflict with some provision of the state's constitution or the plain intent of the statute." *Id.* at 136. Although the language of *Palm Beach Junior College* addresses the constitution and state statutes, the same reasoning applies to the Board's interpretation of the Municipal Code of the City of Jacksonville. It is clear that the City Council of Jacksonville passes legislation and that the Board has the power to interpret that legislation within the scope of its authority. "Permissible interpretation of a statute must and will be sustained, though other interpretations are possible and may even seem preferable according to some views." *State Department of Health and Rehabilitative Services v Framat Realty, Inc.,* 407 SO.2d 238, 242 (Fla. 1st DCA 1981).

This court does not believe that the Board's interpretation of the applicable code provisions was either clearly erroneous or unreasonable. There was competent and substantial evidence as well as a legal foundation supporting the ultimate determination of the Board.

For the reasons foregoing, the action of the Construction Trades Qualifying Board is hereby AFFIRMED.